951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robin GOLDSTEIN, Defendant-Appellant.
 No. 90-10613.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1991.*
Decided Dec. 20, 1991.
 
 Before WILLIAM A. NORRIS, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robin Goldstein appeals the denial of his motions for withdrawal of his counsel, Wayne Tashima. Goldstein filed two such motions, one before trial and the other before sentencing. Goldstein claims that his disciplinary complaint against Tashima created an irreconcilable conflict between himself and Tashima that mandated the instant dismissal of Tashima as his appointed counsel.
 
 
 3
 We disagree. We have rejected the idea that dissatisfaction with one's counsel creates a conflict that automatically entitles a defendant to substitute counsel. Jackson v. Ylst, 921 F.2d 882, 887-88 (9th Cir.1990). Moreover, Goldstein filed his pretrial motion to dismiss the day before his trial began. Where a defendant makes such a late motion for withdrawal of counsel based on an asserted conflict of interest or incompetence of counsel, there is no automatic right to new counsel. Hudson v. Rushen, 686 F.2d 826, 832 (9th Cir.1982), cert. denied, 461 U.S. 916 (1983). The district court has discretion to reject such a motion. United States v. Wagner, 834 F.2d 1474, 1481-82 (9th Cir.1987). Therefore, the district court did not abuse its discretion here, particularly where Goldstein previously had rejected two court-appointed attorneys, a third had withdrawn because of a conflict of interest, and a fourth court-appointed attorney was unavailable for the trial date.
 
 
 4
 The district court explored the grounds for Goldstein's dissatisfaction with Tashima at the hearing on July 9, 1990, and found them insufficient to support the appointment of a sixth attorney. There is no evidence that Tashima's subsequent representation of Goldstein was less than adequate; in fact, the district court described it as "technically almost a flawless job." Goldstein himself stated that Tashima was "a competent attorney." Goldstein has not demonstrated that he was prejudiced in any way by Tashima's representation despite the filing of the disciplinary complaint before trial. See Strickland v. Washington, 466 U.S. 668 (1984) (prejudice must be demonstrated to claim ineffective assistance).
 
 
 5
 Under the circumstances, the district court properly retained Tashima for Goldstein's sentencing.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3